## BOSWELL *vs.* ZENDER.

APPEAL FROM THE COURT OF THE FIRST JUDICIAL DISTRICT, JUDGE
BUCHANAN PRESIDING.

The holder of a note, endorsed in blank, may institute suit in his own name, whether he be the owner, or the note has been put in his hands for collection.

A note endorsed in blank cannot be distinguished from one payable to bearer, which may be put in suit by any one in possession, when there are no allegations that it was lost or stolen, or that the possessor came by it unfairly.

This is an action on three several promissory notes, signed by the defendant, payable to himself, and endorsed by him and the plaintiff, amounting to $800 and costs of protest, for which the plaintiff prays judgment.

The defendant admitted his signature to the notes, but averred, that no valid or valuable consideration was ever given for them; that the plaintiff is not the owner, and never paid any valuable consideration, but took them, knowing that no consideration had been given to the drawer; that they were given for part of the price of two plantations on the Metaire Road, which were to be laid out into lots, and he has received no title for his share, &c.

The testimony supported the plaintiff's demand, and the defendant offered no evidence.

There was a verdict and judgment for the plaintiff, and the defendant appealed.

EASTERN DIST.
*April,* 1839.

BOSWELL
vs.
ZENDER.

*Benjamin,* for the plaintiff.

*M'Millen,* for the appellant.

*Martin, J.,* delivered the opinion of the court.

The defendant, sued on a promissory note, suggests, as grounds for the reversal of the judgment, that there was no consideration for the note, or that it failed; and that the plaintiff is not the holder of the note.

There is no evidence on the record but the notes sued upon, and a document which is headed " testimony of Boswell, (the plaintiff) filed 19th February, 1838," and the receipt of the treasurer of the Metaireville Company. The notes are payable to the order of the drawer, (the defendant) and endorsed by him, and by Boswell, the plaintiff. The testimony shows that the notes were given in part payment of the share of one Koster, in the stock of the Metaireville Company; Koster's share having been purchased by the defendant. There is no evidence of the interest of Boswell in the said notes, nor of his being the holder of them, except his possession. Whether he sues in his own right, or for the use of the company, does not appear. This court has held, that a note endorsed in blank, cannot be distinguished from a note payable to bearer, which may be put in suit by any one in possession of it. There is no doubt, that when the note is alleged to have been lost or stolen, the holder may be called upon to show that he came fairly by it. In the present case, it is not alleged that the note was either lost or stolen, nor that the plaintiff obtained it by unfair means: neither is any suspicious circumstance urged. It is proved that the note was given for a fair consideration, which is not shown to have failed, to wit: As shown by the receipt of the treasurer of the Metaireville Company, in part payment of a share of its stock. Whether the plaintiff received the said note from the company in payment of any claim, or whether it was put into his hands for collection,

*A note endorsed in blank, cannot be distinguished from one payable to bearer, which may be put in suit by any one in possession, when there are no allegations that it was lost or stolen, or that the possessor came by it unfairly.*

EASTERN DIST. does not appear. In either case he might, the note being
*April, 1839.* endorsed in blank, institute a suit in his own name.

BANK OF U. S.
*vs.*
ELLIS.

It is, therefore, ordered, adjudged and decreed, that the judgment be affirmed, with costs.